UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Beverly Jean Dwelly and
Michael Dwelly,

Plaintiffs,

vs. ORDER

Yamaha Motor Corporation, USA
Yamaha Motor Company, Ltd., and
Yamaha Motor Manufacturing
Corporation of America

Defendants. Civ. No. 01-1137 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of June, 2002.

## I. Introduction

On June 13, 2002, the Court heard argument on the Plaintiffs' Motion to Compel Discovery from Defendant Yamaha Motor Corporation, USA ("Yamaha USA"). The Motion asked the Court to issue an Order compelling this Defendant to fully respond to several Interrogatories, and Document Production Requests, and to clarify its answer as to several Document Production Requests. At the time of the Hearing, the Plaintiffs appeared by Sharon L. Van Dyck, Esq., and the Defendants appeared by Cortney G. Sylvester, Esq. For the reasons addressed at the Hearing, we grant the Plaintiffs' Motion to the extent provided below.

FILED JUN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## II. Discussion

This is a products liability action, which arises out of injuries sustained by Plaintiff Beverly Dwelly ("Dwelly") when, on July 9, 2000, she fell off the back of the Yamaha WaveRunner on which she was a passenger. According to the Plaintiffs' Complaint, Dwelly's injuries were caused by the force of the water stream created by the WaveRunner's water impulsion jet system. The parties are now in the midst of discovery, and the Plaintiffs ask that we compel certain discovery responses from Defendant Yamaha USA. In their Motion, the Plaintiffs request that we direct that Defendant to provide a more complete answer to Interrogatory Nos. 1, 15(f), and 21, and Document Production Request Nos. 5, 20, 24, and 29.[1] In addition, they seek to compel the Defendant to clarify its

[1]In its Motion papers, the Plaintiffs had also moved for an Order compelling production under Document Production Request Nos. 26, 34, and 35. However, at the time of the Hearing, the parties represented that an accord had been reached as to Document Production Request No. 26, as the Defendant had agreed to produce the requested materials. As such, that part of the Plaintiff's Motion seeking to compel is denied as moot. As to Document Production Request Nos. 34, and 35, in response to these requests, the Defendant had responded that such material was privileged attorney-client material, or attorney work-product, and, therefore, was not discoverable. The Plaintiffs were seeking a privilege log from the Defendant, and they informed the Court, at the Hearing, that such a log had been produced. The Plaintiffs expressed the belief that they had received the relief they sought in this respect. However, the Plaintiffs did express some concern as to the sufficiency of the detail provided in the logs. In light of the success of the parties' earlier "meet and confer," we suggested a further "meet (continued...)

responses to Document Production Request Nos. 9, 14, 18, 20, 21, 22, and 25. We consider each request in turn.

A. Motion to Compel Response to Interrogatory No. 1.

In Interrogatory No. 1, the Plaintiffs asked the Defendant to "identify the person or persons signing your answers to these questions and identify every other person assisting in preparation of these answers." In response, the Defendant related that the Interrogatories had been answered by in-house and outside counsel, "based upon information gathered from a variety of sources within the company." The Plaintiffs complain that they are entitled to know the identity of those sources, arguing that any person who had information helpful to the preparation of the responses, is a potential witness, who should be identified.

In response, the Defendant raises two objections to the Plaintiffs' Motion. First, while acknowledging that the Plaintiffs are entitled to know the identity of those persons who hold substantive knowledge about the issues of the case, the Defendant asserts that, as written, the Interrogatory does not make that request. Instead, the Defendant reads the question as asking for the identity of

(...continued)
and confer." Therefore, that aspect of the Plaintiffs' Motion which seeks to compel production under Document Production Request Nos. 34, and 35, is denied as moot, but without prejudice to the Plaintiffs refiling that portion of their Motion in the event that it becomes necessary.

persons who helped in the preparation of the Interrogatory responses. According to the Defendant, there is an individual, or group of individuals, whose job it is to collate and retrieve data for the purpose of responding to discovery requests in products liability lawsuits. The Defendant contends that these are the individuals who provided the information to the attorneys to enable them to draft responses to the Interrogatories, but that these persons, themselves, do not have personal knowledge of the substantive issues. Thus, the Defendant maintains that the disclosure of the identities of these individuals is not only irrelevant, and unlikely to lead to admissible evidence, but it would disclose the internal process utilized by the Defendant in responding to discovery requests -- a process which it believes is irrelevant, and does not want disclosed. The Defendant's second objection is that, even if the Plaintiffs are entitled to know the identity of individuals who have substantive knowledge about issues relevant to the case, the Plaintiffs have not clearly identified those issues.

We read the Plaintiffs' Interrogatory as requesting the identities of those persons with substantive knowledge concerning the issues about which they asked in the Interrogatories: safety, labeling, marketing, and manufacturing. The Defendant has maintained that it does not manufacture the product at issue, and thus, does not have substantive information relevant to that issue. As

such, we direct the Defendant to identify those persons with substantive knowledge in the areas of safety, labeling, and marketing, who were consulted in drafting its Interrogatory responses. However, the Defendant need only disclose that information as to two levels of management. In other words, if counsel spoke to individual X in order to gather the information necessary to respond to an Interrogatory and, in turn, X spoke to Y and Z, then the Defendant must identify X, Y, and Z. However, the Defendant need not identify those individuals from whom Y and Z obtained their information.

B. Motion to Compel Response to Interrogatory No. 15(f).

In Interrogatory No. 15(f), the Plaintiffs have asked the Defendant to identify the individual with "final supervisory responsibility," as to product safety as it relates to the design, development, testing, and manufacture of the WaveRunner at issue in this litigation, at various dates. The Defendant responded that it "does not delegate product safety to a single 'product safety committee' or a safety design group," but instead, has various departments which are involved in safety issues. The Plaintiffs complain that, even if there is not a designated committee or group, they are entitled to know the identity of those persons with the final responsibility for product safety in such areas.

We recognize that safety is a major concern in every corporation, and that various departments, divisions, and individuals are involved in safety issues. However, we believe that there must be some designated person at the end of the line, someone who is ultimately responsible for making the final determination as to safety. This may, of course, simply be the head of a given division or department, or it may be an individual whose job responsibilities include monitoring safety issues. In either event, we direct the Defendant to identify, for those areas requested by the Plaintiffs -- design, development, testing, and manufacture -- those individuals who have this final responsibility for product safety.

C. Motion to Compel Response to Interrogatory No. 21.

In this Interrogatory, the Plaintiffs asked the Defendant to provide certain information as to every lawsuit, claim, or notice of injury, of which it was aware, involving injuries similar to the one sustained by Dwelly, and caused in a similar manner, or by a similar mechanism. In its response, the Defendant provided such information for "those cases which are currently open or which have closed within the past five years." The Plaintiffs objected to this temporal limit, asking, instead, that the Defendant produce such information for at least the past ten years. In its response to the Plaintiffs' Motion, the Defendant asserted that the reason

for this temporal limit was that, under its document retention policy, it only maintains such records for a five-year period from the date on which the claim, or lawsuit, is closed, and thus, it has identified all those claims of which it still has records.

Given this explanation, the Plaintiffs now ask only that the Defendant make this representation, about its document retention policy, in a supplemental response to the Interrogatories, so that they have this response in a form with evidentiary value. We direct the Defendant to make this supplemental response. At the time of the Hearing, we further clarified to the Defendant the scope of the claims which fell under this discovery request, and directed the Defendant to identify those claims involving the same or similar injury as the one sustained by Dwelly -- a personal injury that was caused by the same, or similar mechanism; namely, the jet impulsion system. See, Lewy v. Remington Arms Co., 836 F.2d 1104 (8th Cir. 1988).

D. Motion to Compel Response to Document Production Request No. 5.

The Plaintiffs' Document Production Request No. 5 sought the production of "[c]opies of all labels placed on personal water-craft manufactured, sold, or distributed," by this Defendant since 1992. According to the Plaintiffs, despite the scope of their request, the Defendant originally produced labels only for the 1998

WaveRunner at issue in this litigation, and thus, did not fully produce the requested documents. Since the parties' "meet and confer," the Defendant has agreed to produce copies of all labels used on all personal watercraft between the years of 1992 and 1998. However, the Defendant continues to object the production of such labeling from 1998 through the present, claiming that, since Dwelly's "accident occurred in 1998," "later labels could not have had any impact on the events at issue."

While we agree with the Defendant, that the labels from years subsequent to 1998 might be inadmissible to prove "negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for warning or instruction," as a subsequent remedial measure under Rule 407, Federal Rules of Evidence, such evidence might be admissible upon a showing by the Plaintiffs, for impeachment purposes, or to show feasibility of controverted precautionary measures. Id. Therefore, the labels from subsequent years are discoverable, as they are reasonably calculated to lead to admissible evidence. See, Rule 26(b)(1), Federal Rules of Civil Procedure. We direct the Defendant to fully comply with this discovery request, and produce copies of all labels used on its personal watercraft, with the same or similar impulsion system, between 1992 and the present.

E. Motion to Compel Response to Document Production Request No. 20.

In Document Product Request No. 20, the Plaintiffs sought the production of photographs and videotapes of personal watercraft that were sold, manufactured, or distributed by the Defendant, from the years 1990 through the present. Once again, the Plaintiffs complain that the Defendant failed to produce documents as to watercraft other than the 1998 WaveRunner, and what the Defendant described as "advertising and promotional materials with general application," and asks the Court to compel the production of photographs and videotapes of other watercraft during the relevant years. Once again, we agree with the Plaintiffs that photographs and videotapes of models, other than the one directly at issue in this lawsuit, are relevant, and discoverable so long as they have the same or similar design as the operative watercraft. Therefore, the Defendant is directed to produce all photographs and videotapes of any personal watercraft with the same or similar jet impulsion system. However, we find that the Plaintiffs' request for materials going back to 1990 is overly broad, and warrants a limitation which would only require the Defendant to produce materials concerning models sold, manufactured, or distributed, since 1993, five years prior to the injury-causing accident, through the present.

F. Motion to Compel Response to Document Production Request No. 24.

The Plaintiffs' Document Production Request No. 24 is related to their Interrogatory No. 21, in that it seeks documents related to the lawsuits, claims, or notices of injury, which were identified in that response. The Plaintiffs complain, however, that, despite their request for documents such as pleadings, claim forms, and Judgments, the Defendant merely referred back to the list it had prepared in response to Interrogatory No. 21, and did not actually produce the requested documents.

At the time of the Hearing, we noted that this production request was broader in scope than was Interrogatory No. 21, in that it was not limited to cases involving injuries similar to the one sustained by Dwelly, or caused by the same or similar mechanism. The Plaintiffs asserted that this had not been their intention, and they assured the Court that they were, in fact, only seeking the underlying documents for those suits, claims, and notices which were responsive to Interrogatory No. 21. Therefore, in producing the documents responsive to this request, the Defendant is directed to fully disclose the documents responsive to this request, but only as to lawsuits, claims, or notices, that it identified in its response to Interrogatory No. 21.

G. Motion to Compel Response to Document Production Request Number 29.

In this Document Production Request, the Plaintiffs asked for "[c]opies of all labeling and instruction changes for any personal watercraft sold, manufactured, or distributed by you from 1990 [to the] present." Consonant with our prior rulings, we instructed the Defendant to produce such materials from 1993 to the present, but instructed the Defendant that, if this production became overly burdensome, we would entertain such an objection with the proper showing.

H. Motion for Clarification of Responses to Document Production Request Nos. 9, 14, 18, 21, 22, and 25.

In this aspect of their Motion, the Plaintiffs related that, in response to various production requests, the Defendant had asserted that it did not design or manufacture the subject WaveRunner. In some of the Defendant's responses, it had followed that statement with an assertion that it did not have any responsive documents in its possession, but in others, it did not make this supplemental assertion. As a result, the Plaintiffs sought clarification as to whether, despite not designing or manufacturing the product, the Defendant had responsive documents which it had not produced, as to those responses where it had not included the supplemental statement. At the time of the Hearing, the Plaintiffs related that they had received oral assurance from the Defendant

that it had intended to assert that it did not have responsive documents in any of theses areas. The Plaintiffs requested that the Defendant make this assertion in the form of a supplemental response, such that they could have the Defendant's denial of having responsive documents, in an evidentiary form that might be admissible at Trial. We concur, and direct the Defendant to provide the Plaintiffs with the clarification warranted.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Renewed Motion to Compel Discovery by Plaintiff [Docket No. 18] is GRANTED to the extent allowed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE