**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Beverly Jean Dwelly and Michael Dwelly,

Plaintiff,

v.

Yamaha Motor Corporation, USA, Yamaha Motor Company, Ltd. and Yamaha Motor Manufacturing Company of America,

Defendants.

Civil File No. 01-CV-1137 DWF/RLE

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED that a Protective Order shall be entered herein as follows:

1. Defendants Yamaha Motor Corporation, U.S.A., Yamaha Motor Company, Ltd. and Yamaha Motor Manufacturing Corporation of America believe certain discovery or other information produced or disclosed to the parties is confidential and therefore produced subject to Protective Order. All such documents or other tangible items produced shall be clearly stamped or labeled to indicate that such material is subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

2. Defendants shall seek to designate as being confidential under Protective Order only such documents and materials which they have determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information.

3. Information and documents subject to this Order may be disclosed only to (a) a party; (b) attorneys for a party and their paralegal and clerical staffs; and (c) experts retained by a party for assistance in trial preparation or for testimony. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and only after the person to whom disclosure is made has been informed about this Order. In the case of experts retained by a party, acknowledgement of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining party's counsel in the form of an affidavit attached hereto as Exhibit A. Designated information shall not be disclosed to any person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

4. The parties shall act to preserve the confidentiality of designated information. All transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth documents, information or other materials or the contents thereof, which have been previously designated as confidential, shall likewise be subject to the terms of this Protective Order. Any such transcripts, depositions, exhibits,



29

FILED OCT 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

pleadings or other such documents or materials containing such confidential information, which are filed with the Court, shall be filed in sealed envelopes or other sealed containers which shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

5. Defendants shall notify opposing counsel, prior to producing discovery materials, which items or categories of items they propose to designate as confidential. In the event that any party's counsel disagrees with the propriety of defendants' designation of any item or items as being confidential under Protective Order, counsel shall so advise specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, the party opposing confidentiality will file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes. Any such item or items shall continue to be treated as confidential and subject to this Order until such time as such motion has been ruled upon.

6. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

7. This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

8. Upon termination of defendants' involvement in this lawsuit, by judgment, settlement or otherwise, the parties shall return to defendants through their counsel of record, or destroy, all documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, the parties' counsel and staff, and the parties' retained experts and staff. Counsel for the parties will provide an affidavit attesting that all confidential documents subject to this Order were so returned or destroyed.

Dated this 4 day of October.

IT IS SO ORDERED.

Raymond L. Erickson

Honorable Raymond L. Erickson
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Beverly Jean Dwelly and Michael Dwelly,

Plaintiff,

v.

Yamaha Motor Corporation, USA, Yamaha Motor Company, Ltd. and Yamaha Motor Manufacturing Company of America,

Defendants.

Civil File No. 01-CV-1137 DWF/RLE

**EXHIBIT A**

---

STATE OF ________________)
) ss.
COUNTY OF ______________)

_____________________, being first duly sworn, states that he or she resides at _____________________, County of _______________, State of _______________; that he or she has read and fully understands the attached Stipulation and Protective Order in the above-captioned action; that he or she is fully familiar with and agrees to comply with and be bound by the provisions of said Order, and submits to the jurisdiction of this Court for any proceedings with respect to said Order; that he or she will not discuss with or divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use, except solely for the purposes of this action and for no other purposes, any documents, materials or information obtained pursuant to said Protective Order except as expressly permitted by the Court.

_________________________________
Affiant

DN: 161381

Subscribed and sworn to before me
this ___ day of _________, 200__.

_______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.