UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Beverly Jean Dwelly, et al.,

Plaintiffs,

vs. MINUTE ORDER

Yamaha Motor Corporation, U.S.A, et al.,

Defendants. Civ. No. 01-1137 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of December, 2003.

* * *

On December 4, 2003, this Court heard argument on the Defendants' informal Motion for a Protective Order which would require the Plaintiffs to take certain depositions on a schedule acceptable to the Defendants, pursuant to Rule 26(c)(2), Federal Rules of Civil Procedure. At the time of the Hearing, the Plaintiffs appeared by Sharon L. Van Dyck, Esq., and the Defendants appeared by Cortney G. Sylvester, Esq. For reasons expressed at the end of the Hearing, and reiterated briefly below, we deny the Motion.

The Defendants assert that the six depositions, which are in dispute, are of non-party witnesses, who have allegedly made claims similar to those of the Plaintiffs. They allege that the Plaintiffs did not identify these individuals until November 25, 2003,

47

when the Defendants received their names, and the proposed dates, and locations, of the depositions. The depositions were scheduled for dates between December 8, 2003, and January 14, 2004, in the States of Wisconsin, Washington, Alabama, Maine, and Illinois. The Defendants further allege that the Plaintiffs have failed to produce any documents pertaining to these witnesses. They argue that their in-house counsel needs to be included in these depositions, because of that counsel's familiarity with the other claims. They also argue that production of the relevant documents is imperative to conducting extensive and thorough cross-examinations of the witnesses, which are necessary since the deposition testimony, in all likelihood, will be in lieu of a Trial appearance. Finally, they assert that, although they provided a list of open dates for the conduct of the depositions, those dates were never confirmed or agreed upon.

The Plaintiffs strongly object to the Motion, and note that the "Ready for Trial" date of January 1, 2004, is readily approaching. They argue that they provided adequate notice of their intent to take the depositions of the individuals, whose names were produced by the Defendants during prior discovery in December and January of this year. The Plaintiffs also assert that the dates for the depositions were coordinated during several conversations between counsel and their staff, and coincided with the list of

open dates, which had been provided by the Defendants. As to the production of documents as to these witnesses, the Plaintiffs assert, in part, that the Defendants have control over those documents, since they concern prior claims filed against the Defendants. Finally, the Plaintiffs assert that no objection was raised until December 1, 2003, and, in reliance on the list of open dates, the Plaintiffs have secured non-refundable plane tickets, made hotel reservations, hired Court Reporters, and the deponents have arranged their schedules, including taking time off from work, to attend the depositions.

While there may be some benefit to the presence of Defendants' in-house counsel, the Defendants do not have the luxury of scheduling depositions in accordance with the availability of counsel, who is not of Record. The Defendants will have full access to the documents necessary to conduct the depositions. Moreover, given the impending "Ready for Trial" date, the reasonable reliance of the Plaintiffs on the open dates for depositions, which had been provided by the Defendants, and the prejudice to the Plaintiffs, and the deponents, if the deposition schedule is now changed, we deny the Defendants' Motion for a Rule 26(c)(2) Protective Order.

NOW, THEREFORE, It is --

ORDERED:

That the Defendants' Informal Motion for a Rule 26(c)(2) Protective Order is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE