UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Beverly Jean Dwelly, et al.,

Plaintiffs,

vs. MINUTE ORDER

Yamaha Motor Corporation, U.S.A, et al.,

Defendants. Civ. No. 01-1137 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of December, 2003.

* * *

On December 30, 2003, this Court heard argument on an informal dispute regarding Subpoenas duces tecum, which were served on two non-party witnesses. At the time of the Hearing, the Plaintiffs appeared by Sharon L. Van Dyck, Esq., and the Defendants appeared by Cortney G. Sylvester, Esq. For reasons expressed at the end of the Hearing, and reiterated briefly below, we find that we are without jurisdiction to substantively rule on the issues presented.

The Defendant Yamaha Motor Corporation served Subpoenas duces tecum on two non-party witnesses -- Penny Huddleston ("Huddleston") and Kristin Gagnon ("Gagnon") -- in order to obtain documents, including, inter alia, their medical records, with respect to depositions, being taken of those witnesses, in lieu of in-Court

(48)

RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

appearances. Both individuals contacted the Plaintiffs' attorney and objected to the Subpoenas. Huddleston also contacted the Defendants' attorney in order to register her objection. The deposition of Huddleston is scheduled to occur on today's date -- December 30, 2003 -- in the State of Alabama, and the deposition of Gagnon is scheduled for January 8, 2004, in the State of Maine. Both subpoenas were issued by the United States District Court in the District in which the depositions will be taken.

Rule 45(c), Federal Rules of Civil Procedure, states as follows:

> [A] person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials * * * **except pursuant to an order of the court by which the subpoena was issued.**
>
> * * *
>
> On timely motion, **the court by which a subpoena was issued** shall quash or modify the subpoena * * *.

Rule 45(c)(2)(B) and (c)(3)(A), Federal Rules of Civil Procedure. It appears, from the representations of the parties, that the witnesses have not yet lodged any written objections to the Sub-

poenas, as required by Rule 45(c)(2)(B), but rather, have placed telephone calls and left messages, in which they have voiced their objections orally. Thus, the Defendants have not had occasion to file a formal Motion to Compel. We are also informed that no Motions to Quash the Subpoenas have been formally filed, in any jurisdiction. Even if objections had been filed, we are without jurisdiction to resolve any dispute presented. Rule 45 clearly states that the Court that issued the Subpoena has the authority to act, in the first instance, to either quash or modify the Subpoena, or to compel production pursuant to it. See also, Rule 37(a)(1), Federal Rules of Civil Procedure.[1] Here, the Subpoenas for Huddleston and Gagnon were not issued by this Court and, therefore, we have no jurisdiction to address the matter further.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[1]Rule 37(a)(1) provides as follows:

> An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.