**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Beverly Jean Dwelly and Michael Dwelly,

Plaintiffs,

v.

Yamaha Motor Corporation, USA, Yamaha Motor Company, Ltd., and Yamaha Motor Manufacturing Corporation of America,

Defendant.

Civil File No. 01-CV-1137 DWF/RLE

**STIPULATION FOR AMENDMENT OF PRETRIAL SCHEDULING ORDER**

WHEREAS, this Court issued an Order on May 7, 2003, regarding deposition scheduling and amendment of the then-existing Scheduling Order; and

WHEREAS, the Order of May 7, 2003, fixed the trial-ready date for this case at January 1, 2004, or 30 days after the Court issued a decision on dispositive motions, whichever was later; and

WHEREAS, defendants have brought no dispositive pretrial motions; and

WHEREAS, counsel for the parties have diligently attempted to schedule dates for the depositions of their respective expert witnesses, who have been disclosed as required by the Federal Rules of Civil Procedure; and

WHEREAS, dates for those expert depositions have been identified and reserved, but due to conflicts in the schedules of these expert witnesses and trial counsel for both plaintiffs and defendants, they cannot be completed before March 31, 2004; the parties have agreed to the following expert deposition schedule:

Feb. 11, 2004—Michael A. Burleson (plaintiffs' expert), Texas;



49 50

Feb. 25, 2004—Dr. Joseph L. Burton (plaintiffs' expert), Georgia;

Feb. 26, 2004—Dr. Edward W. Karnes (plaintiffs' expert), Colorado;

Mar. 8, 2004—Dr. Frederick Streff (defendants' expert), Michigan;

Mar. 9, 2004—Dr. J. Paul Frantz (defendants' expert), Michigan;

Mar. 25, 2004—Kevin Breen (defendants' expert), Florida;

Mar. 30, 2004—Dr. Charles Hatsell (defendants' expert), Texas; and

WHEREAS, plaintiffs and defendants agree that completion of expert depositions prior to trial would be in the best interests of all parties, and would also serve the interests of the Court, as they would improve the efficiency of the trial of this matter; and

WHEREAS, given the nature of the existing Scheduling Order, deferring trial until after March 31, 2004 to permit the completion of expert depositions would result in a trial date not significantly different from that which would have resulted had defendants brought motions for summary judgment, which they have elected not to do; and

WHEREAS, upon completion of expert depositions, this case will be ready for trial and the Court could proceed to place it on the trial docket without further delay.

THEREFORE, it is agreed and stipulated to between the parties, through their respective counsel, that:

1. The Court may amend the existing Scheduling Order to state that the parties must complete expert depositions no later than March 31, 2004.

2. The Court may also amend the existing Scheduling Order to state that this case shall be considered trial-ready as of March 31, 2004, and may be placed on the trial docket at any time thereafter.

Dated: Dec. 23, 2003

HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.

By: Brian N. Johnson

Brian N. Johnson Reg. No. 132767
Cortney G. Sylvester Reg. No. 231514
Cynthia P. Arends Reg. No. 301735
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
(612) 338-1838

ATTORNEYS FOR DEFENDANT

Dated: Dec. 29, 2003

SCHWEBEL GOETZ & SIEBEN, P.A.

By: Peter W. Riley

Sharon L. Van Dyck Reg. No. 183799
Mark H. Gruesner Reg. No. 38386
Peter W. Riley Reg. No. 91765
5120 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 377-7777

ATTORNEYS FOR PLAINTIFFS

**IT IS SO ORDERED**

By the Court

Raymond L. Erickson

Hon. Raymond L. Erickson
United States Magistrate Judge

Dated: December 30, 2003